UNITED STATES of America,
Plaintiff–Appellee,

v.

Sabrina Lee AUBLE, Defendant–
Appellant.

No. 05–50212.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2006.

Submission Withdrawn and Deferred
March 16, 2006.

Resubmitted May 8, 2006.

Submission Withdrawn and Deferred
Sept. 5, 2006.

Resubmitted July 15, 2008.

Filed July 17, 2008.

Vince J. Brunkow, Alice L. Fontier, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: WARDLAW and RAWLINSON, Circuit Judges, and CEBULL,* District Judge.

## MEMORANDUM **

Appellant Sabrina Auble appeals her conviction and sentence for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841.

■ 1. Auble's Confrontation Clause right was not violated by the admission of her co-defendant's contradictory statements because the statements, by themselves, did not "facially, expressly, clearly, or powerfully" implicate her, *United States v. Angwin*, 271 F.3d 786, 796 (9th Cir. 2001), and, alternatively, because the statements were non-hearsay. *See Tennessee v. Street*, 471 U.S. 409, 414, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985); *see also United States v. Hackett*, 638 F.2d 1179, 1186–87 (9th Cir.1980).

■ 2. Admission of the evidence found on Auble's co-defendant, a glass smoking pipe and a baggy believed to contain marijuana, was an abuse of discretion. This evidence was "highly prejudicial," and

Christopher P. Tenorio, U.S. Attorneys Office, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

* The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

there was no suggestion that it was part and parcel of the transaction or necessary for the prosecutor to tell a coherent story. *United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1012–13, 1017 (9th Cir.1995). However, the district court's error was harmless because 1) the baggy and pipe evidence was not heavily relied on by the prosecution; 2) the evidence was used only to challenge Auble's credibility; and 3) the evidence against Auble, including driving a car containing over sixty-four pounds of marijuana and her outlandish testimony, was strong. *See id.* at 1017.

3. Because no manifest prejudice resulted from the joint trial, the district court did not abuse its discretion when it denied Auble's motion to sever. *See United States v. Fernandez,* 388 F.3d 1199, 1241 (9th Cir.2004).

4. Sufficient evidence supported Auble's conviction, as a rational trier of fact could have found that Auble had dominion over the car and knew marijuana was in the gas tank. *See United States v. Hursh,* 217 F.3d 761, 767–68 (9th Cir.2000); *see also United States v. Rubio–Villareal,* 927 F.2d 1495, 1499 (9th Cir.1991).

5. The district court did not clearly err in denying Auble's motion for a minor-role sentence reduction because the court evaluated her culpability relative to the other participants, she "was the driver ... of a vehicle in which a substantial amount of marijuana was hidden," and the evidence adequately indicated that she knew marijuana was in the gas tank. *Hursh,* 217 F.3d at 770.

6. The sentence imposed by the district court was not unreasonable: the court committed no error in applying the Guidelines, considered the 18 U.S.C. § 3553(a)

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

factors, and sentenced Auble to the low end of the Guidelines range. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007); *see also United States v. Carty,* 520 F.3d 984 (9th Cir.2008) (en banc).

**AFFIRMED.**